595 N.W.2d 219 (1999)
Louis JIRIK, on behalf of Danielle Marie JIRIK, a minor, Appellant,
v.
AUTO-OWNERS INSURANCE COMPANY, Respondent.
No. C0-98-2415.
Court of Appeals of Minnesota.
June 22, 1999.
*220 John J. Carlson, Bass & Carlson, Minneapolis, for appellant.
Kurt D. Johnson, Mark S. Ullery, Gislason, Dosland, Hunter & Malecki, P.L.L.P., New Ulm, for respondent.
Considered and decided by SHUMAKER, Presiding Judge, RANDALL, Judge, and HARTEN, Judge.

OPINION
SHUMAKER, Judge.
Appellant Louis Jirik, on behalf of his minor daughter Danielle Marie Jirik, challenges the trial court's grant of summary judgment in favor of respondent Auto Owners Insurance Company. He argues that the trial court misapplied the law in ruling that Danielle was limited to the UIM coverage available for the vehicle that she occupied when she was injured and could not recover on a UIM policy insuring an uninvolved vehicle. We affirm.

FACTS
Teresa Jirik was driving her car when it collided with the rear of an unoccupied truck owned by Switzer's Nursery and Landscaping, Inc. Joseph Bierman was the last driver of the truck before the collision. Teresa's passenger, her 13-year-old daughter Danielle, suffered severe injuries in the collision.
Teresa's car had $1,000,000 in liability and $500,000 in underinsured motorist insurance (UIM). Switzer's had liability insurance *221 on the truck with a $250,000 limit. Bierman was covered by $100,000 in personal liability insurance. Danielle's father, Louis Jirik, carried $100,000 in UIM insurance through Auto-Owners Insurance Company on a vehicle not involved in the collision.
To settle Danielle's injury claim, the insurers for Switzer's and Bierman paid their liability limits. Teresa's carrier paid $750,000 of its liability limit and its entire $500,000 UIM benefits. Danielle then claimed entitlement to her father's $100,000 UIM coverage, even though Auto-Owners insured no vehicle involved in the collision. Danielle claimed to be insured under the Auto Owners' policy as a resident relative of her father's household, although her mother and father were divorced and Danielle was living with her mother. Auto-Owners denied coverage.
Granting summary declaratory judgment in Auto-Owners' favor, the trial court held that Danielle cannot collect UIM benefits from her father's policy because she was insured under her mother's UIM policy. Danielle appealed.

ISSUE
A minor child in her mother's custody and residing in her mother's household was injured while riding as a passenger in her mother's car. The car had UIM coverage. Because an injured person cannot collect UIM and liability proceeds as to the same vehicle, the child applied the UIM benefits to the other at-fault underinsured vehicle. Can the child now obtain additional UIM benefits from a policy on an uninvolved vehicle on the ground that her mother's car is underinsured?

ANALYSIS
On appeal from summary judgment, we determine whether there is a genuine issue of material fact and whether the district court erred in applying the law. Fairview Hosp. & Health Care Servs. v. St. Paul Fire & Marine Ins. Co., 535 N.W.2d 337, 341 (Minn.1995). The parties in this case do not dispute the material facts. The construction and interpretation of insurance policies are questions of law. Jenoff, Inc. v. New Hampshire Ins. Co., 558 N.W.2d 260, 262 (Minn.1997); Haarstad v. Graff, 517 N.W.2d 582, 584 (Minn.1994). The construction of a statute is clearly a question of law and thus fully reviewable by an appellate court. Hibbing Educ. Ass'n v. Public Employment Relations Bd., 369 N.W.2d 527, 529 (Minn.1985). We are not bound by the trial court's legal conclusions and may independently review questions of law. See Hammer v. Investors Life Ins. Co., 511 N.W.2d 6, 8 (Minn.1994).

I.
The trial court decided that Minn.Stat. § 65B.49, subd. 3a(5) (1998), precludes Danielle's claim against her father's UIM policy because she was insured through her mother's UIM policy on a car involved in the collision. Minnesota law provides:
If at the time of the accident the injured person is occupying a motor vehicle, the limit of liability for uninsured and underinsured motorist coverages available to the injured person is the limit specified for that motor vehicle. However, if the injured person is occupying a motor vehicle of which the injured person is not an insured, the injured person may be entitled to excess insurance protection afforded by a policy in which the injured party is otherwise insured. The excess insurance protection is limited to the extent of covered damages sustained, and further is available only to the extent by which the limit of liability for like coverage applicable to any one motor vehicle listed on the automobile insurance policy of which the injured person is an insured exceeds the limit of liability of the coverage available to the injured person from the occupied motor vehicle.
Id.
The subdivision distinguishes primary from excess underinsured motorist insurance. *222 Primary coverage is that specified for the vehicle the injured person was in when the collision happened. If the injured person is covered under the primary UIM insurance on that vehicle, the limit of coverage is the amount stated in the policy. If the injured person is not insured under the primary policy, the person might be entitled to excess coverage through a policy under which the person is insured.
Although Danielle was not a named insured in her mother's policy, it is undisputed that she was covered by that policy because she was a minor in the custody of the named insured. See Minn.Stat. § 65B.43, subd. 5(3) (1998) (defining "insured" to include "a minor in the custody of a named insured" and residing in the insured's household). Not only was Danielle insured under her mother's policy, she in fact collected the maximum UIM benefits available through that insurance. By the express language of Minn.Stat. § 65B.49, subd. 3a(5), Danielle is limited to the UIM benefits available for the vehicle in which she was injured, and she does not qualify for additional UIM coverage. In LaFave v. State Farm Mut. Auto. Ins. Co., 510 N.W.2d 16, 19 (Minn.App.1993), the court held that a resident spouse injured when her husband's truck collided with an uninsured vehicle was an "insured" under Minn.Stat. § 65B.49, subd. 3a(5), was limited to the maximum uninsured motorist coverage on the truck, and could not collect additional uninsured motorist benefits from a policy on an uninvolved vehicle.
Relying on Minn.Stat. § 65B.49, subd. 4a (1998); Lahr v. American Family Mut. Ins. Co., 528 N.W.2d 257 (Minn.App.1995); and Davis v. American Family Mut. Ins. Co., 521 N.W.2d 366, 369 (Minn.App.1994), Danielle argues that she is seeking primary rather than excess UIM coverage. She reasons that, because she could not collect both liability and UIM insurance from her mother's policy, the UIM coverage on that policy was applied to the underinsured truck. See Myers v. State Farm Mut. Auto. Ins. Co., 336 N.W.2d 288, 291 (Minn.1983) (injured person may not collect both liability and underinsured motorists benefits on same at-fault vehicle). She contends this left her mother's car underinsured. And because she had not yet collected any UIM benefits as to her mother's car, she argues that she is entitled to her father's UIM coverage. Although Danielle's argument at first blush seems logical, we believe it is unsupported by caselaw or by the applicable statutes.
Neither Lahr nor Davis, nor the Davis court's statutory interpretation supports Danielle's position. The issue in Lahr was whether a vehicle passenger could recover UIM benefits from the driver's insurer for damages caused by another uninsured at-fault vehicle. The court held that the
prohibition against converting the passenger's driver's UIM coverage into liability coverage is not applicable because the driver's lack of adequate liability coverage is not at issue.
Lahr, 528 N.W.2d at 260. Here, Danielle argues that it is precisely her driver's lack of adequate liability coverage that entitles her to UIM benefits. The issue focuses not on the underinsured truck but on her mother's underinsured car. Lahr does not address this situation.
Davis involved a single-car accident. Passenger Davis was injured. He sought UIM benefits through the policy on the involved car. The policy excluded UIM coverage by definition. Davis then obtained liability proceeds from the policy on the car, and claimed UIM benefits under his father's policy, which insured an uninvolved vehicle. The court held that Davis could not qualify for excess insurance under Minn.Stat. § 65B.49, subd. 3a(5) because there was no coverage available under the involved vehicle's policy "like" the coverage under his father's policy. However, the court held that Davis could recover under subdivision 4a because he had not been fully compensated through his driver's liability insurance and he "has no other source to look for UIM benefits." *223 Davis, 521 N.W.2d at 370. In contrast, Danielle was insured under her driver's policy and she did in fact look to that policy for UIM benefits. It is not necessary to invoke subdivision 4a because subdivision 3a(5) provides a source for Danielle to look to for UIM benefits.
Danielle's argument also invites us either to ignore or to torture the language of subdivision 3a(5). The first sentence of the subdivision controls, and it is clear. There was an accident. Danielle was injured while occupying a motor vehicle. That motor vehicle was covered by UIM insurance with a limit of $500,000. The entire amount was available to Danielle and she collected it. Because of the caselaw prohibition against collecting liability and UIM proceeds on the same at-fault vehicle, the UIM proceeds were treated as covering the truck. Nevertheless, it was solely because of the UIM policy on the car she was occupying that Danielle was able to recover UIM benefits. She precisely fits the concept of insured under subdivision 3a(5) and is subject to that statute's limitation.

II.
For the first time on appeal, respondent contends that the applicable insurance policies contain express language that allows appellant to recover UIM benefits from respondent. This court will not consider arguments not raised in the court below. Thiele v. Stich, 425 N.W.2d 580, 582 (Minn.1988).

DECISION
The trial court did not err in applying Minn.Stat. § 65B.49, subd. 3a(5), to preclude Danielle Jirik from recovering UIM benefits beyond those she received through the insurance policy covering the vehicle she was occupying when injured.
Affirmed.