**Tamara Stimpert SCHONS, et al., Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.**

No. C6–99–1246.

Court of Appeals of Minnesota.

Jan. 11, 2000.

Michael J. Dwyer, Virginia A. Dwyer, Grannis & Hauge, P.A., Eagan, MN (for appellants).

Katherine A. McBride, Meagher & Geer, P.L.L.P., Minneapolis, MN (for respondent).

Considered and decided by RANDALL, Presiding Judge, KLAPHAKE, Judge, and PETERSON, Judge.

## OPINION

KLAPHAKE, Judge.

Appellant Tamara S. Schons and her husband sued respondent State Farm Mutual Automobile Insurance Company (State Farm) to recover underinsured motorist (UIM) benefits after appellant was injured in a head-on collision. Appellant was an insured under an automobile insurance policy issued by State Farm. At the time of the accident, appellant was a passenger in a vehicle driven and owned by Rachel Vogl, who had a separate automobile insurance policy issued by State Farm. On cross-motions for summary judgment, the district court ruled in favor of State Farm, concluding that because the $50,000 in UIM benefits that appellant claimed under her own policy did not exceed the $50,000 UIM policy limits she had already received from State Farm under Vogl's policy, she was prohibited from receiving additional UIM benefits under her own policy by Minn.Stat. § 65B.49, subd. 3a(5) (1998). We agree and affirm.

## FACTS

On January 17, 1997, appellant was seriously injured in a head-on collision while she was a passenger in a Geo Metro driven and owned by Vogl. Vogl collided with a Ford pickup truck driven and owned by Donna Bjorklund. The accident occurred after Vogl moved into Bjorklund's lane because a pile of snow blocked her lane. Vogl and Bjorklund were both negligent in causing the accident.

The automobile insurance policy of each driver included liability limits of $50,000 and UIM benefits of $50,000; Austin Mutual insured Bjorklund, while Vogl was insured by State Farm. Appellant's policy with State Farm also carried UIM benefits of $50,000. Appellant's damages were estimated to be approximately $400,000.

Appellant collected $98,000 under the liability provisions of the drivers' separate policies—$50,000 from Vogl and $48,000 from Bjorklund. Appellant also recovered $50,000 in UIM benefits from Vogl because Bjorklund was underinsured. Appellant then initiated this action against State Farm seeking an additional $50,000 in UIM benefits under her own State Farm policy, claiming that Vogl was also underinsured.

On cross-motions for summary judgment, the district court granted summary

judgment to State Farm ruling that under Minnesota's No–Fault Act, appellant could only receive additional UIM benefits under her own policy if her UIM coverage exceeded the UIM benefits received from Vogl. This appeal followed.

## ISSUE

■ Did the district court properly grant summary judgment to State Farm because appellant's own UIM coverage does not exceed the UIM benefits she received under Vogl's policy?

## ANALYSIS

■ "On an appeal from summary judgment, we must examine two questions, whether there are any genuine issues of material fact and whether the lower courts erred in their application of the law." *Cummings v. Koehnen,* 568 N.W.2d 418, 420 (Minn.1997) (citation omitted). Interpretation of an insurance contract is a question of law subject to de novo review. *American Nat'l Prop. & Cas. Co. v. Loren,* 597 N.W.2d 291, 292 (Minn.1999).

State Farm argues that because the $50,000 UIM limit on appellant's policy does not exceed the $50,000 UIM benefits Schons received under Vogl's UIM policy, the no-fault act prohibits her from collecting UIM benefits under her own policy. *See* Minn.Stat. § 65B.49, subd. 3a(5) (1998). The no-fault act limits an injured person's receipt of UIM benefits, as follows:

> (5) If at the time of the accident the injured person is occupying a motor vehicle, the limit of liability for * * * underinsured motorist coverages available to the injured person is the limit specified for that motor vehicle. However, if the injured person is occupying a motor vehicle of which the injured person is not an insured, the injured person may be entitled to excess insurance protection afforded by a policy in which the injured party is otherwise insured. The excess insurance protection is limited to the extent of covered damages sustained, and further is available only to the extent by which the limit of liability for like coverage applicable to any one motor vehicle listed on the automobile insurance policy of which the injured person is an insured exceeds the limit of liability of the coverage available to the injured person from the occupied motor vehicle.

*Id.*

This subdivision does not allow appellant to receive UIM benefits under her own policy. Because appellant was not an insured under Vogl's policy, she was entitled to the "excess insurance protection afforded by" her own policy, under the second sentence of subdivision 3a(5). Under the third sentence of subdivision 3a(5), she could recover UIM benefits under her own policy, however, only to the extent that they "exceed[ed] the limit of liability of the coverage available to [her] from * * * [Vogl's] vehicle." Thus, under subdivision 3a(5), Schons could not receive more than $50,000 in total UIM benefits because her own UIM coverage did not "exceed" the coverage provided by Vogl's policy. *See Davis v. American Family Mut. Ins. Co.,* 521 N.W.2d 366, 368–69 (Minn.App.1994) ("Subdivision 3a(5) codifies the order of priority of * * * UIM coverage and requires an injured party who was a passenger in a vehicle owned by another to look first to the UIM coverage afforded by the vehicle driver's or owner's policy. * * * Then, if the injured party sustains damages exceeding the limits of the vehicle driver's or owner's UIM coverage, he or she may recover 'excess insurance protection afforded by a policy in which the injured party is otherwise insured.' Minn. Stat. § 65B.49, subd. 3a(5).").

Appellant argues that the $50,000 UIM benefits she received under Vogl's policy was for Bjorklund's underinsurance and that her own policy should provide UIM coverage for Vogl's underinsurance. There is some logic to this argument because the $148,000 in liability and UIM

benefits that appellant has received falls short of her estimated $400,000 in damages.

But appellant's argument has been considered and rejected by this court in *Jirik v. Auto–Owners Ins. Co.*, 595 N.W.2d 219 (Minn.App.1999), *review denied and remanded on other grounds* (Minn. Sept. 14, 1999). In *Jirik*, a child who was injured in a two-vehicle collision while a passenger in her mother's vehicle was limited to receiving UIM benefits as an insured under her mother's policy, even though the UIM proceeds were applied to another at-fault underinsured vehicle. *Id.* at 220, 222; *see also LaFave v. State Farm Mut. Auto. Ins. Co.*, 510 N.W.2d 16, 19 (Minn.App. 1993) (under Minn.Stat. § 65B.49, subd. 3a(5), excess uninsured motorist coverage for person injured in a single-vehicle accident while a passenger in the vehicle limited to amount by which injured person's coverage exceeded driver's coverage).

*Jirik* is factually distinguishable because the child in that case was "an insured" under her mother's policy and thus her receipt of UIM benefits was controlled by the first sentence of Minn.Stat. § 64B.49, subd. 3a(5), while the second sentence of the subdivision applies here. Nevertheless, we find *Jirik* instructive. In *Jirik*, the court noted that to allow the injured child passenger to receive UIM benefits in addition to those she received from the driver would invite the court to either "ignore" or "torture the language of subdivision 3a(5)." *Id.* at 223. Similarly, we must uphold the clear statutory mandate that allows appellant to recover UIM benefits in addition to those she recovered under Vogl's policy only to the extent that they "exceed" the amount she received from Vogl. Because appellant's UIM coverage does not exceed the UIM benefits she received under Vogl's policy, her UIM recovery is limited to the $50,000 she has already received.

## DECISION

The district court did not err in concluding that Minn.Stat. § 65B.49, subd. 3a(5)

precluded appellant from receiving UIM benefits under her own insurance policy in addition to those she received under Vogl's policy because the coverage under her own policy did not exceed the amount she received under Vogl's policy.

**Affirmed.**