Sharen LaFAVE, Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Respondent.**

No. C7–93–822.

Court of Appeals of Minnesota.

Dec. 28, 1993.

Gary T. LaFleur, Randall J. Fuller, Babcock, Locher, Neilson & Mannella, Anoka, for appellant.

William M. Hart, R. Gregory Stephens, Joseph W.E. Schmitt, Meagher & Geer, Minneapolis, for respondent.

Considered and decided by LANSING, P.J., and FORSBERG and NORTON, JJ.

## OPINION

FORSBERG, Judge.

Sharen LaFave brought this action against respondent State Farm Mutual Automobile Insurance Company, seeking to recover uninsured motorist benefits. She appeals from the district court's grant of summary judgment to State Farm, and its denial of her cross motion for summary judgment. We affirm.

## FACTS

On September 10, 1989, Sharen LaFave was a passenger in a 1940 Chevrolet pickup truck owned and operated by her husband, Gary LaFave. Both of the LaFaves were injured when the pickup was struck from behind by an uninsured motorist.

The pickup was insured under a policy issued by St. Paul Fire & Marine Insurance Companies (St. Paul). That policy insured Sharen LaFave as the resident spouse of the named insured. It also provided single limit uninsured motorist coverage of $100,000 to "[a]ny person 'occupying' 'your covered auto.'"

The LaFaves claimed uninsured motorist benefits under the St. Paul policy. On December 10, 1990, they settled with St. Paul for $81,250. The release applied to damages sustained by both Sharen and Gary LaFave, but did not apportion those damages between them.

Sharen LaFave thereafter sued State Farm to recover uninsured motorist benefits under a policy issued by State Farm on her 1986 Chevrolet. The State Farm policy limited uninsured motorist coverage to $50,000

per person/$100,000 per occurrence. The policy also contained the following language under a section entitled "If There is Other Uninsured Motor Vehicle Coverage:"

THIS COVERAGE DOES NOT APPLY IF THE INJURED PERSON IS AN INSURED UNDER A POLICY COVERING THE VEHICLE OCCUPIED AT THE TIME THE BODILY INJURY IS SUSTAINED.

(Emphasis deleted.)

State Farm moved for summary judgment, arguing that uninsured motorist coverage was precluded by its policy language and not required by the No–Fault Act. Sharen La-Fave appeals from the district court's grant of summary judgment to State Farm, and its denial of her cross motion for summary judgment.

## ISSUES

1. Did the district court err in its interpretation of the insurance policies?

2. Did the district court err in its interpretation of the No–Fault Act?

## ANALYSIS

■ Summary judgment is proper when there are no genuine issues of material fact and either party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03. The interpretation and construction of an insurance contract is a question of law for the court, as are issues involving statutory construction. *Iowa Kemper Ins. Co. v. Stone*, 269 N.W.2d 885, 887 (Minn.1978); *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 190 (Minn.1990).

## I.

The district court concluded that the clear language of the State Farm policy excludes uninsured motorist coverage in this case. Specifically, the State Farm policy excludes uninsured motorist coverage if the claimant is an insured under the policy covering the vehicle occupied at the time of the injury. Sharen LaFave was an insured under the St. Paul policy covering her husband's pickup because she was the resident spouse of the named insured, and she qualified as "[a]ny

person 'occupying' 'your covered auto.'" Thus, the State Farm policy expressly excludes her from uninsured motorist coverage in this instance.

Sharen LaFave nevertheless argues that the exclusion in the State Farm policy does not apply here because she was not an insured under the St. Paul policy. She quotes a provision in the St. Paul policy that denies personal injury protection (PIP) benefits to a relative of the named insured if the relative is entitled to PIP benefits as a named insured under another policy.

■ The provision denying PIP coverage, however, does not relate or refer to uninsured motorist coverage. Definitions of "insured" need not be coextensive in different sections of an automobile policy, as long as they do not conflict with the No–Fault Act. *See Gieser v. Home Indem. Co.*, 484 N.W.2d 256, 257 (Minn.App.1992). The PIP exclusion in the St. Paul policy does not expressly apply to uninsured motorist coverage, and should not be expanded to create an ambiguity between that exclusion and the provisions governing uninsured motorist coverage. *See Columbia Heights Motors, Inc. v. Allstate Ins. Co.*, 275 N.W.2d 32, 34 (Minn. 1979) (court may not create ambiguity where none exists in order to afford coverage, and must give effect to plain and ordinary meaning of policy language).

## II.

The district court further concluded that the No–Fault Act does not require State Farm to pay uninsured motorist benefits in this instance. At the time of the accident in September 1989, the Act provided:

If at the time of the accident the injured person is occupying a motor vehicle, the limit of liability for uninsured and underinsured motorist coverages available to the injured person is the limit specified for that motor vehicle. However, if the injured person is occupying a motor vehicle of which the injured person is not an insured, the injured person may be entitled to excess insurance protection afforded by a policy in which the injured party is otherwise insured. The excess insurance pro-

tection is limited to the extent of covered damages sustained, and further is available only to the extent by which the limit of liability for like coverage applicable to any one motor vehicle listed on the automobile insurance policy of which the injured person is an insured exceeds the limit of liability of the coverage available to the injured person from the occupied motor vehicle.

Minn.Stat. § 65B.49, subd. 3a(5) (Supp.1989).

■ Under the first sentence quoted above, the limit of liability is the $100,000 St. Paul policy limit for the pickup. The subsequent sentences of the statute dealing with excess insurance apply only if Sharen LaFave is not an insured under the policy covering the pickup. As we have already concluded, Sharen LaFave was an insured under the St. Paul policy, which is the policy covering the involved vehicle. Thus, she is not entitled to excess coverage under section 65B.49, subd. 3a(5).

■ Even if Sharen LaFave was not insured under the St. Paul policy, she still would not be entitled to excess coverage. The second sentence of section 65B.49, subd. 3a(5) states that a claimant who is not an insured under the policy covering the involved vehicle may be entitled to excess coverage under another policy in certain circumstances. The third sentence outlines the prerequisites for obtaining such excess coverage: the limit of liability of the excess policy must exceed "the limit of liability of the coverage available" on the involved vehicle. Since the $50,000 limit of liability provided by the State Farm policy does not exceed the $100,000 limit of available coverage provided by the St. Paul policy, Sharen LaFave is not entitled to excess coverage.

■ Sharen LaFave insists that we must look to the amount she actually received when determining whether excess coverage is available under section 65B.49, subd. 3a(5). We disagree. Under its plain meaning, the phrase "limit of liability of the coverage available" in section 65B.49, subd. 3a(5) refers to the maximum amount of liability coverage accessible to the injured person, regardless of whether that person recovers that maximum amount.

■ Sharen LaFave further insists that since she and her husband received an undivided settlement of $81,250 from St. Paul and since the amount of benefits attributable to her has not been determined or defined, the limit of available coverage provided by the St. Paul policy is unknown. Again, we disagree. Even where there are multiple injured persons and none receives the maximum amount of coverage available under the involved vehicle's policy, uninsured motorist benefits are not recoverable as excess coverage if the amount available to those multiple injured persons equals or exceeds the injured person's own uninsured per accident limit. *See Kothrade v. American Family Mut. Ins. Co.*, 462 N.W.2d 413, 416 (Minn.App.1990) (applying same rule to underinsurance context). In this case, the total amount available under the St. Paul policy equals the per accident limit under Sharen LaFave's State Farm policy.

Sharen LaFave finally argues that section 65B.49, subd. 3a(5) should not be read to change the longstanding policies in Minnesota that coverage should be interpreted to "follow the person" and that an injured party should have recourse against an insurer to whom she paid premiums. *See, e.g., Nygaard v. State Farm Mut. Auto. Ins. Co.*, 301 Minn. 10, 19, 221 N.W.2d 151, 156 (1974); *Sobania v. Integrity Mut. Ins. Co.*, 371 N.W.2d 197, 200–01 (Minn.1985). Thus, she argues that she should be able to recover not only under the St. Paul policy, but also under her independently purchased State Farm policy regardless of her geographic location at the time of the accident.

■ These cases, however, predate the 1985 amendments to section 65B.49 (which governs uninsured and underinsured motorist coverages). Since that time, courts have recognized a distinction between first-party coverage, which follows the person, and uninsured and underinsured coverages, which are now tied " 'to the particular vehicle involved in the accident.' " *Thommen v. Illinois Farmers Ins. Co.*, 437 N.W.2d 651, 653 (Minn.1989) (quoting *Hanson v. American Family Mut. Ins. Co.*, 417 N.W.2d 94, 96 (Minn.1987)).

In addition, stacking was available to Sharen LaFave only if she specifically contracted for such coverage.

Unless a policyholder makes a specific election to have two or more policies added together the limit of liability for basic economic loss benefits for two or more motor vehicles may not be added together to determine the limit of insurance coverage available to an injured person for any one accident.

Minn.Stat. § 65B.47, subd. 7 (1988). Since the record fails to establish that Sharen La-Fave elected stacking, she is not entitled to its benefits.

## DECISION

The grant of summary judgment to State Farm is affirmed.

**Affirmed.**