**Linda M. WINTZ, Respondent,**

v.

**COLONIAL INSURANCE COMPANY OF CALIFORNIA, Petitioner.**

No. C3–94–1377.

Supreme Court of Minnesota.

Jan. 26, 1996.

George C. Hottinger, Thomas H. Schaefer, Minneapolis, for petitioner.

Michael G. Wright, Mankato, for respondent.

## OPINION

TOMLJANOVICH, Justice.

This is a declaratory judgment action to determine whether Colonial Insurance Company (Colonial) was liable for uninsured motorist benefits. Colonial denied benefits to Linda Wintz based on its policy provision excluding coverage of vehicles which were not insured and were "owned by or furnished or available for the regular use" of the policyholder or a relative. The district court found the exclusionary clause to be valid and the court of appeals reversed.

Adam Wintz, a minor and Linda Wintz's stepson, moved to Illinois to live with his natural mother. He left his uninsured motorcycle, its keys, and the title with his father, David Wintz. Adam gave his father unconditional permission to use the motorcycle in his absence. David Wintz drove the motorcycle on occasion after his son's departure.

On October 13, 1989, Linda Wintz was a passenger on the motorcycle driven by her husband, David, when it collided with a tractor-trailer outside of Belgrade, Minnesota. She alleges that the accident was caused by the combined negligence of both drivers. As a result of the accident, Linda Wintz sustained personal injuries.

Linda Wintz was insured under her husband's automobile policy. She filed an uninsured motorist claim with Colonial, the insurer of her husband's vehicles. Colonial refused payment because of an exclusionary clause in its policy that denies recovery when the vehicle involved was one "available for the regular use" by the policyholder. The policy clause states: "Uninsured motor vehicle, however does not mean a vehicle: (a) owned by or furnished or available for the regular use of you, or a relative."

The Wintzes filed suit in district court seeking a declaratory judgment against Colonial on the issue of whether Linda Wintz was entitled to uninsured motorist benefits pursuant to David Wintz's policy through Colonial.

Colonial countered with a motion for summary judgment.

The district court granted Colonial's motion for summary judgment, finding the exclusionary clause of Colonial's automobile insurance policies valid. Linda Wintz appealed. The court of appeals reversed the district court decision based on its earlier decision in *Perfetti v. Fidelity & Cas. Co. of New York*, 486 N.W.2d 440 (Minn.App.1992), holding the exclusionary clause to be void because Linda Wintz did not fail to insure the vehicle. The court of appeals held that under such circumstance, the rule that coverage follows the person will apply.

This court has been asked to determine whether the exclusionary clause of the policy applies in this instance.

This court, in *Myers v. State Farm Mut. Auto. Ins. Co.*, 336 N.W.2d 288 (Minn.1983), determined that if "the policy provisions are unambiguous and the essential facts are known, [this court] can proceed, as a matter of law, to decide the coverage question." *Id.* at 291.

Before 1984, Minnesota courts relied on *Nygaard v. State Farm Mut. Auto. Ins. Co.*, 301 Minn. 10, 221 N.W.2d 151 (1974), to determine the outcome of such cases. This court held in *Nygaard* that "uninsured motorist protection is not coverage for vehicles but for persons * * *," *id.*, 221 N.W.2d at 157, disallowing exclusionary clauses because coverage follows the person.

In 1985, the legislature amended Minn. Stat. § 65B.49, subd. 3a(7) (Supp.1985) to allow insurance companies to exclude certain vehicles from uninsured motorist coverage if the vehicle was owned by the policyholder, but not insured by the policyholder. *See* Act of May 21, 1985, ch. 168, § 11, 1985 Minn. Laws 459, *codified at* Minn.Stat. § 65B.49, subd. 3a(7) (Supp.1985).

After that amendment, this court heard *Petrich v. Hartford Fire Ins. Co.*, 427 N.W.2d 244 (1988). Relying on *Myers*, we said: "*Myers* * * * rests on the principle that vehicle owners may not purchase first party coverage and expect it to function as liability protection. The concern is not the creation of additional liability coverage, but the con-

627

version of one type of insurance into another." *Petrich* 427 N.W.2d at 246.

To void an exclusionary clause where the vehicle was "owned by or furnished or available for the regular use of" the first-party beneficiary would allow a policyholder to insure only one vehicle, and gain coverage on any/all other uninsured vehicles. This would convert first-party benefits of an insurance policy into third-party liability benefits.

■ This is such a case. David Wintz was operating a vehicle that was "owned by or furnished or available for the regular use" of the Colonial policyholder (namely David Wintz). Under Colonial's exclusionary clause, this vehicle would not be covered under the uninsured portion of David Wintz's policy. Whether David Wintz used the motorcycle once or a dozen times, it was available to him for his regular use. Linda Wintz has not precluded from recovery of economic loss benefits under Minn.Stat. § 65B.46, subd. 1. She simply may not obtain third-party liability benefits on a first-party beneficiary claim.

We hold that Linda Wintz is not entitled to recover benefits under her husband's uninsured motorist policy.

We reverse the court of appeals and remand to the district court for entry of judgment in favor of Colonial.