AMERICAN NATIONAL PROPERTY
& CASUALTY CO., Plaintiff–
Respondent,

v.

Norman LOREN, Defendant–Appellant.

No. C7–98–2332.

Supreme Court of Minnesota.

July 29, 1999.

James A. Lavoie, Lindell & Lavoie, L.L.P., Minneapolis, for defendant–appellant.

James T. Martin, Dan T. Ryerson, Gisslason, Martin & Varpness, P.A., Edina, for plaintiff–respondent.

## OPINION

PAGE, Justice.

This case comes to us as a certified question from the United States District Court for the District of Minnesota. The question it presents is:

> Does an insurance policy's exclusion of underinsured motorist coverage for an insured occupying a motorcycle owned by a resident relative violate Minnesota Statute § 65B.49, subd. 3a?

The material facts of this case are undisputed. On May 10, 1997, appellant Norman Loren was driving a 1976 Kawasaki motorcycle when it was struck by a vehicle driven by Manford Hage. As a result, Loren sustained severe injuries. The accident and Loren's injuries were primarily caused by Hage's negligence.

Hage's vehicle had liability insurance coverage from State Farm Automobile Insurance Company with a policy limit of

$100,000 per accident. Loren settled his claims against Hage in exchange for State Farm's payment of its policy limits and payment of an additional sum by Hage personally. However, Loren's injuries resulted in damages exceeding, by more than $100,000, all available liability insurance policy limits and collateral sources.

The Kawasaki motorcycle was purchased and owned by Loren's son, Bradley Loren, who was 27–years–old and resided with Loren at the time of the accident. Loren was driving the motorcycle with his son's consent. Bradley Loren owned a liability insurance policy in his name for the motorcycle, but did not have underinsured motorist (UIM) coverage.

On the date of the accident, Loren owned an automobile insurance policy issued by ANPAC. The ANPAC policy covered Loren's three automobiles and provided various coverages including UIM coverage. The ANPAC policy did not list any motorcycles among the covered vehicles. With respect to UIM coverage, the ANPAC policy contains the following language:

> We will pay damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or an underinsured motor vehicle.
>
> * * * *
>
> "Motor vehicle" means a land motor vehicle.
>
> * * * *
>
> "Underinsured motor vehicle" means a motor vehicle to which a bodily injury liability policy applies at the time of the accident but its limit for bodily injury liability is less than the amount needed

to compensate the insured person for his or her actual damages.

> * * * *
>
> We do not cover bodily injury to a person: * * * occupying, or struck by, a motor vehicle owned by you or a relative for which insurance is not afforded under this Part.

Further, the parties have stipulated that the policy states that "[a] person living in [the insured's] household and related to [the insured] by blood, marriage or adoption, including a ward or foster child [is a resident relative for the purposes of this policy]." Bradley Loren was a resident relative of Loren's within the meaning of the ANPAC policy.

After settling with Hage, Loren, claiming that Hage's vehicle was underinsured, sought UIM benefits from ANPAC. Based on the exclusionary language in Loren's ANPAC policy, ANPAC denied Loren's claim and sought a declaratory judgment in the United States District Court. Both ANPAC and Loren moved for summary judgment, and the District Court certified the above question to this court.

## I.

The interpretation of insurance contracts and the construction of statutes governing them present questions of law which this court applies to the facts of the particular coverage situation.[1] Under Minnesota's No–Fault Automobile Insurance Act ("Act"),[2] " 'an insurer's liability is governed by the contract between the parties only as long as coverage required by law is not omitted and policy provisions do not contravene applicable statutes.' "[3] An insurer may not provide less coverage than that required by the Act.[4]

---

**1.** *See Meister v. Western Nat'l Mut. Ins. Co.,* 479 N.W.2d 372, 376 (1996).

**2.** *See* Minn.Stat. §§ 65B.41–.71 (1998).

**3.** *Hertz Corp. v. State Farm Mut. Ins. Co.,* 573 N.W.2d 686, 689–90 (Minn.1998) (quoting *Streich v. American Family Mut. Ins. Co.,* 358 N.W.2d 396, 399 (Minn.1984)).

**4.** *See Hertz Corp.,* 573 N.W.2d at 689–90.

The Act mandates UIM coverage for all motor vehicles.[5] For purposes of the Act, motorcycles are not motor vehicles.[6] Therefore, UIM coverage is not mandated for motorcycles. A person injured while occupying a motor vehicle is entitled to UIM benefits limited to the amount specified in the policy covering the motor vehicle occupied at the time of injury. If the injured person is occupying a motor vehicle for which he or she is not an insured, the injured person may be entitled to excess insurance protection afforded by the UIM coverage specified in a policy under "which the injured party is otherwise insured."[7] The Act limits that excess insurance protection to the extent by which the liability limit of the insured's policy exceeds the limit of liability coverage available from the occupied vehicle, and to the amount of covered damages sustained.[8] Coverage is specifically precluded in only two situations: an insured injured while occupying a motor vehicle he or she owns is not entitled to recover UIM benefits unless the occupied vehicle is an insured motor vehicle;[9] and an insured injured while occupying a motorcycle owned by the insured is not entitled to recover UIM benefits.[10]

ANPAC argues that its exclusion of underinsured motorist coverage for an insured injured while occupying a motorcycle owned by a resident relative is permitted because mandatory UIM coverage extends only to motor vehicles, and Loren was occupying a motorcycle at the time he was injured. In addition, ANPAC claims that Loren is barred from UIM coverage because the last sentence of subdivision 3a(5) states "[i]f at the time of the accident the injured person is not occupying a motor vehicle or motorcycle, the injured person is entitled to select any one limit of liability."[11] Finally, ANPAC contends that allowing a person injured while occupying a resident relative's motorcycle to claim UIM benefits will undermine the public policy of encouraging people to adequately insure all of their vehicles.

ANPAC's arguments fail. When the Act's UIM provisions are read as a whole, it is clear that a provision in an insurance policy precluding coverage for an insured injured while occupying a motorcycle owned by a resident relative contravenes

5. Minnesota Statutes § 65B.49, subd. 3a(5) (1998) provides:

If at the time of the accident the injured person is occupying a motor vehicle, the limit of liability for uninsured and underinsured motorist coverages available to the injured person is the limit specified for that motor vehicle. However, if the injured person is occupying a motor vehicle of which the injured person is not an insured, the injured person may be entitled to excess insurance protection afforded by a policy in which the injured party is otherwise insured. The excess insurance protection is limited to the extent of covered damages sustained, and further is available only to the extent by which the limit of liability for like coverage applicable to any one motor vehicle listed on the automobile insurance policy of which the injured person is an insured exceeds the limit of liability of the coverage available to the injured person from the occupied motor vehicle.

If at the time of the accident the injured person is not occupying a motor vehicle or motorcycle, the injured person is entitled to select any one limit of liability for any one vehicle afforded by a policy under which the injured person is insured.

6. Minn.Stat. § 65B.43, subd. 2 (1998).

7. *Id.* § 65B.49, subd. 3a(5).

8. *Id.*

9. Minnesota Statutes § 65B.49, subd. 3a(7) (1998) provides:

The uninsured and underinsured motorist coverages required by this subdivision do not apply to bodily injury of the insured while occupying a motor vehicle owned by the insured, unless the occupied vehicle is an insured motor vehicle.

10. Minnesota Statutes § 65B.49, subd. 3a(8) (1998) provides:

The uninsured and underinsured motorist coverages required by this subdivision do not apply to bodily injury of the insured while occupying a motorcycle owned by the insured.

11. Minn.Stat. § 65B.49, subd. 3a(5).

the Act. First, the fact that UIM coverage is mandatory for motor vehicles but not motorcycles is not dispositive. Although Loren was occupying a motorcycle at the time of the accident, his claim is based on the underinsured status of Hage's vehicle. As Loren was injured as a result of an accident with an underinsured motor vehicle, he may be entitled to claim UIM benefits from ANPAC.

Moreover, implicit in the exclusionary language of subdivision 3a(8) of the Act is the notion that bodily injury to an insured occupying a non-owned motorcycle at the time of injury is covered by the Act. Thus, we conclude that the Act does not preclude all individuals injured while occupying a motorcycle from receiving UIM benefits. If the legislature intended to exclude from coverage all individuals injured while occupying a motorcycle, there would have been no need to explicitly exclude "bodily injury of the insured while occupying a motorcycle *owned* by the insured." [12]

Under a plain reading of the Act, Loren was entitled to recover UIM benefits under the Act unless he was excluded from coverage by subdivisions 3a(7) or 3a(8) or a provision of his insurance contract that does not contravene the Act. Here, the two express statutory exclusions do not operate to preclude Loren from recovering UIM benefits. Critical to the operation of both of those exclusions is the injured party's ownership of the occupied motor vehicle or motorcycle. Loren was not an insured injured while occupying either an owned motorcycle or an owned but unin-

sured motor vehicle. In this case, Loren was injured while occupying a motorcycle for which he was not an insured and which he did not own. He did, however, have UIM benefits specified in a policy under which he was "otherwise insured" and is therefore entitled to seek UIM benefits under the Act.

Finally, we note that the Act is concerned with ensuring that victims of automobile accidents receive adequate compensation for their injuries.[13] At the same time, there is a "legislative interest in requiring owners of motor vehicles in this state to maintain insurance policies to compensate for losses associated with maintenance or use of a motor vehicle." [14] We conclude that neither of these legislative interests are fostered by a policy provision which excludes from UIM coverage an insured injured while occupying a motor vehicle owned by a resident relative. ANPAC's exclusion does nothing to ensure that victims of motor vehicle accidents receive compensation for their injuries. Further, the legislative interest in requiring owners of motor vehicles to maintain adequate insurance is not served by excluding non-owner resident relatives from UIM coverage. The exclusion from coverage of individuals injured while occupying vehicles they do not own does nothing to encourage owners and non-owners to obtain insurance.

ANPAC relies on our statement in *Vue v. State Farm Ins. Companies* that we "recognize the policy argument that 'a family owning two motor vehicles should

---

12. *Id.* § 65B.49, subd. 3a(8) (emphasis added); *see also Wintz v. Colonial Ins. Co. of California,* 542 N.W.2d 625 (Minn.1996) (implying that uninsured motorist coverage is not precluded solely because person is injured while riding a motorcycle).

   We also note that ANPAC's argument, that Loren is barred from receiving UIM coverage by the last sentence of subdivision 3a(5), fails for the simple reason that the sentence only applies when the injured person was occupying neither a motor vehicle nor a motorcycle at the time of the accident. Following ANPAC's reasoning, an injured person occupying a motor vehicle at the time of the accident could not recover under the Act. Clearly that would be inconsistent with the purposes of the Act.

13. *See generally* Minn.Stat. § 65B.42(1) (1998) (setting out purposes of the Act).

14. *Vue v. State Farm Ins. Companies,* 582 N.W.2d 264, 267 (Minn.1998).

not be permitted to pay for insurance for only one and recover benefits for injuries sustained while operating the other.' " [15] In *Vue*, the insurer argued that this policy argument supported its attempt to treat the spouse of the owner of the occupied vehicle as a co-owner for purposes of the exclusion from uninsured motorist coverage for a claimant who is injured in a vehicle owned but not insured by the claimant. ANPAC's exclusion takes this argument a step further and would exclude not just spouses, but all resident relatives from uninsured motorist coverage for the same reason.

However, in *Vue*, we declined the invitation to alter the legislatively-enacted balance of competing policy objectives.[16] Having previously declined to impute an ownership interest to a spouse where the argument was made that doing so would advance this purpose of the Act, we similarly decline to expand on the legislature's policy choice by allowing the policy exclusion here to exclude coverage for a non-owner resident relative.

We conclude that the ANPAC policy provision excluding UIM coverage for an insured "[o]ccupying or struck by a motor vehicle owned by * * * a [resident] relative" violates Minn.Stat. § 65B.49, subd. 3a. Therefore, we answer the certified question in the affirmative.

---

**15.** *Id.* at 267 (quoting *Nygaard v. State Farm Mut. Ins. Co.*, 301 Minn. 10, 18–19, 221 N.W.2d 151, 156 (1974)).

**16.** *See id.* at 267.