William STEWART, Respondent,

v.

**ILLINOIS FARMERS INSURANCE COMPANY, Appellant.**

No. A06–759.

Court of Appeals of Minnesota.

Feb. 27, 2007.

Raymond R. Peterson, McCoy, Peterson & Jorstad, Ltd., Minneapolis, MN, for respondent.

Roger H. Gross, Timothy J. Crocker, Gislason & Hunter, LLP, Minneapolis, MN, for appellant.

Considered and decided by STONEBURNER, Presiding Judge; HALBROOKS, Judge; and HUSPENI, Judge.*

## OPINION

HALBROOKS, Judge.

Appellant insurer challenges the district court's denial of summary judgment based on the district court's determination that appellant's policy exclusion is invalid and unenforceable against respondent. Appellant argues that respondent is precluded from recovering excess uninsured-motorist (UM) benefits because (1) appellant's spouse's policy with appellant contains an exclusion that bars coverage for owned-but-not-insured vehicles and (2) respondent is an "insured" under his employer's insurance policy for purposes of the Minnesota No–Fault Automobile Insurance Act (no-fault act), Minn.Stat. §§ 65B.41–.71 (2006). Because we conclude that appellant's policy exclusion is unenforceable under these circumstances and that respondent is not an "insured" under his employer's policy for purposes of the no-fault act, we affirm.

## FACTS

On August 2, 2001, respondent William Stewart was injured in a motor-vehicle accident when the driver of another vehicle ran a red light and struck Stewart's vehicle. At the time of the accident, Stewart was driving in the course and scope of his employment as a courier for Quicksilver Express. Stewart brought a workers' compensation claim against his employer and a third-party liability claim against the at-fault driver, who was subsequently determined to be uninsured. Stewart owned the vehicle that he was driving at the time of the accident, but it was insured under

his employer's policy with United States Fire Insurance Company (USFIC), which had a UM coverage limit of $50,000 per person.

Stewart's wife owned a vehicle that was not involved in the accident; that vehicle was insured by appellant Illinois Farmers Insurance Company. Stewart's wife was the named insured on the Illinois Farmers policy. It is undisputed that, under the terms of the Illinois Farmers policy, Stewart is an additional insured as a spouse. The Illinois Farmers policy provided UM coverage of $100,000 per person and $300,000 per occurrence.

Stewart received the $50,000 UM benefit limit from USFIC. Because his damages exceeded that amount, Stewart sought excess UM benefits from Illinois Farmers. Illinois Farmers denied Stewart's claim on the ground that the policy excluded coverage for vehicles that the insured owned but did not insure. Stewart brought a declaratory-judgment action to determine coverage, and Illinois Farmers moved for summary judgment.

The district court determined that the Illinois Farmers policy exclusion is invalid and unenforceable against Stewart and denied Illinois Farmers' motion for summary judgment and its subsequent motion for reconsideration. The parties then entered into a stipulation for entry of judgment in favor of Stewart and against Illinois Farmers for UM benefits in the amount of $50,000, and judgment was entered. This appeal follows.

## ISSUE

Is the exclusion in the Illinois Farmers policy valid and enforceable against Stewart so as to preclude his recovery of excess uninsured-motorist benefits?

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## ANALYSIS

■ The underlying issues in this case involve the interpretation of an insurance contract and Minn.Stat. §§ 65B.41–.71 (2006) (the no-fault act), which we review de novo. *See Dohney v. Allstate Ins. Co.,* 632 N.W.2d 598, 600 (Minn.2001) (stating that appellate courts review statutory interpretation and interpretation of insurance contracts de novo); *see also Nelson v. Am. Family Ins. Group,* 651 N.W.2d 499, 503 (Minn.2002) (holding that interpretation of the no-fault act is a question of law, which appellate courts review de novo).

■ The no-fault act was adopted for the purpose of relieving the severe economic distress of uncompensated automobile-accident victims. Minn.Stat. § 65B.42(1). "[T]he purpose of the no-fault act is to fully compensate the insured to the extent of the mandated insurance." *Scheibel v. Ill. Farmers Ins. Co.,* 615 N.W.2d 34, 39 (Minn.2000). "[P]olicy terms that conflict with the No–Fault Act will be held invalid." *Kwong v. Depositors Ins. Co.,* 627 N.W.2d 52, 55 (Minn.2001). The no-fault act requires every vehicle owner to carry, and every insurance policy to provide, certain first-party benefits, including UM coverage. Minn.Stat. § 65B.49, subds. 2, 3a.[1]

■ UM coverage provides for the "protection of persons insured under that coverage who are legally entitled to recover damages for bodily injury from owners or operators of uninsured motor vehicles." Minn.Stat. § 65B.43, subd. 18. Uninsured vehicles are defined as "motor vehicle[s] ... for which a plan of reparation security ... is not in effect." Minn.Stat. § 65B.43, subd. 16.[2] But "as long as insurance is available to cover the vehicle at the time of accident, the vehicle is not uninsured." *Wilson v. State Farm Mut. Auto. Ins. Co.,* 451 N.W.2d 216, 220 (Minn.App.1990) (citing *Sorbo v. Mendiola,* 361 N.W.2d 851, 853 (Minn.1985)), *review denied* (Minn. Mar. 22, 1990).

The Illinois Farmers policy included what is known as a "family-owned-vehicle" exclusion, which stated that UM "coverage does not apply to bodily injury sustained by a person ... [w]hile occupying any vehicle owned by you or a family member for which insurance is not afforded under this policy...." In addition, the Illinois Farmers policy included a "commercial-use" exclusion, which stated that coverage did not apply to "your insured car when used to carry persons or property for a charge."

### I.

■ Illinois Farmers argues that Stewart is barred from recovering excess UM benefits from Illinois Farmers based on the family-owned-vehicle exclusion. Stewart argues, and the district court held, that the exclusion does not apply here because the vehicle was insured and, thus, satisfied the no-fault statutory scheme. This is a case of first impression; in our review of the caselaw, we have not found a case factually similar where an individual seeking excess UM benefits was injured while operating a vehicle that he owned

---

1. First-party benefits, including both uninsured- and underinsured-motorist benefits, pay for an insured's own losses and expenses in the event of an accident. *Lobeck v. State Farm Mut. Auto. Ins. Co.,* 582 N.W.2d 246, 250 (Minn.1998). Third-party benefits, by contrast, compensate third parties who are injured in accidents for which the insured is liable. *Id.* "The No–Fault Act is primarily aimed at providing first-party benefits to the insured, thereby eliminating the need to prove liability before an injured party can recover medical or other expenses." *Id.* at 249.

2. A "plan of reparation security" is a contract or other legal means under which there is an obligation to pay no-fault benefits. Minn. Stat. § 65B.43, subd. 15.

and that was insured, albeit by a different entity.

■■■■■ When insurance policy language is clear and unambiguous, "the language used must be given its usual and accepted meaning." *Lobeck,* 582 N.W.2d at 249 (quotation omitted). "[E]xclusions in a policy ... are as much a part of the contract as other parts thereof and must be given the same consideration in determining what is the coverage." *Id.* (quotation omitted). "As long as an insurance policy does not omit coverage that is required by law and the policy does not violate applicable statutes, the extent of the insurer's liability is governed by the contract entered into." *Id.* (quotation omitted). Therefore, before we may enforce a coverage exclusion, we must determine whether that exclusion "omits coverage required by law or violates an applicable statute." *Id.*

Here, the district court concluded that the Illinois Farmers' family-owned-vehicle exclusion was unenforceable because it precluded excess UM coverage to which Stewart was entitled. Illinois Farmers challenges the district court's conclusion, relying on current caselaw, including *Wintz v. Colonial Ins. Co. of Cal.,* 542 N.W.2d 625 (Minn.1996), to support its argument that the exclusion is enforceable.[3]

■■■■■ As the supreme court noted in *Wintz,* in 1985, "the legislature amended [the no-fault act] to allow insurance companies to exclude certain vehicles from uninsured motorist coverage if the vehicle was owned by the policyholder, but not insured by the policyholder." *Id.* at 626 (citing Minn.Stat. § 65B.49, subd. 3a(7) (Supp. 1985)). Specifically, the amendment stated that "uninsured ... motorist coverages required by this subdivision do not apply to bodily injury of the insured while occupying a motor vehicle owned by the insured, unless the occupied vehicle is an insured motor vehicle." Minn.Stat. § 65B.49, subd. 3a(7). Thus, UM coverage on one vehicle does not apply "to bodily injury suffered by the insured while occupying a second vehicle he owns, unless the occupied vehicle is itself insured." *Perfetti v. Fid. & Cas. Co. of N.Y.,* 486 N.W.2d 440, 443 (Minn.App.1992) (citing Minn.Stat. § 65B.49, subd. 3a(7)).

■■■■■ Currently, there are two recognized scenarios in which a family-owned-vehicle exclusion will be enforced: (1) a policyholder attempts to recover UM benefits under his own policy when injured in an accident involving another family-owned vehicle that is uninsured; and (2) the insured attempts to convert coverage from first-party to third-party benefits.[4] *Wintz,*

3. Illinois Farmers also argues that Stewart should have insured his own vehicle and chosen to pay a higher level of UM coverage than that afforded under his employer's policy. But, as respondent notes, if Stewart had attempted to personally insure his vehicle with Illinois Farmers, Illinois Farmers' commercial-use exception would have barred recovery, because Stewart was using his vehicle during the course of his employment as a courier.

4. The supreme court has consistently enforced policy exclusions that prevent insureds from converting first-party coverage into third-party liability coverage. *Kelly v. State*

*Farm Mut. Auto. Ins. Co.,* 666 N.W.2d 328, 332 (Minn.2003). Coverage conversion occurs when an at-fault driver attempts to use first-party benefits to substitute for or supplement inadequate third-party liability coverage. *Id.* at 331. In *Kelly,* for example, a passenger who was injured in an accident suffered damages that exceeded the amount of liability coverage purchased by the at-fault driver. *Id.* Therefore, the court held that the at-fault driver was personally liable for any of the passenger's excess damages, and the court did not allow him to supplement his liability coverage with cheaper underinsured-motorist coverage that he had through a separate policy. *Id.*

542 N.W.2d at 626–27; *Perfetti,* 486 N.W.2d at 443–44. Illinois Farmers is not arguing that Stewart is attempting to convert first-party to third-party benefits. Rather, Illinois Farmers argues that because Stewart owned but did not, himself, insure the vehicle involved in the accident, he is precluded from recovering excess UM benefits as a result of the family-owned-vehicle exclusion.

We agree with the district court that the family-owned-vehicle exclusion is not enforceable here because of the unique circumstances that are present. Cases such as *Wintz* involve vehicles that were uninsured. In *Wintz,* Linda Wintz was injured while riding as a passenger on an uninsured motorcycle that her husband owned and was operating. 542 N.W.2d at 626. The insurer of Wintz's husband's automobile denied UM benefits. *Id.* The district court granted the insurer's summary-judgment motion. *Id.* This court reversed on the ground that, because Linda Wintz had not failed to insure the motorcycle, the UM coverage should follow the person. *Id.* The supreme court reversed this court, concluding that an exclusion that precluded coverage for vehicles that were owned by or available for the regular use of the policyholder but not insured by the policyholder was valid. *Id.* at 627. The supreme court stated that allowing the wife to recover benefits would essentially "allow a policyholder to insure only one vehicle, and gain [liability] coverage on any/all other uninsured vehicles." *Id.*

This case is distinguishable from cases like *Wintz* for two reasons. First, Stewart is not attempting to convert first-party coverage into third-party liability coverage. Second, and more importantly, Stewart's vehicle was insured at the time of the accident. The no-fault act allows for the exclusion of vehicles that are owned but uninsured. Minn.Stat. § 65B.49, subd. 3a(7). But as long as insurance is avail-

able to cover a vehicle at the time of accident, the vehicle is not uninsured. *Wilson,* 451 N.W.2d at 220 (citing *Sorbo,* 361 N.W.2d at 853). Also, the language of Minn.Stat. § 65B.49, subd. 3a(7), does not specify the manner in which a vehicle must be insured, and it does not specify whether the insured must pay the premiums.

Here, Stewart owned the vehicle that was involved in the accident. And although he did not insure it directly, the vehicle was insured. As a result, the terms of Minn.Stat. § 65B.49, subd. 3a(7), are met. Under these circumstances, we conclude that precluding Stewart from receiving excess UM coverage would violate the no-fault act's purpose of ensuring that victims of automobile accidents receive adequate compensation for their injuries.

Illinois Farmers further argues that subdivision 3a(7) ties UM coverage to a particular vehicle and not to an individual, under cases such as *Turner v. Mut. Serv. Cas. Ins. Co.,* 675 N.W.2d 622, 624 (Minn.2004) (citing *Hanson v. Am. Family Mut. Ins. Co.,* 417 N.W.2d 94, 96 (Minn. 1987)). But, like *Wintz,* these cases are factually distinguishable from the present case. *Hanson* is another case involving a vehicle that was owned by the policyholder but was uninsured. 417 N.W.2d at 96. *Turner* is distinguishable because it involved a rental car. 675 N.W.2d at 626. Moreover, these cases do not stand for the proposition that an individual can be precluded from recovering first-party benefits because of the vehicle he is occupying. The cases simply recognize that, under the no-fault act's statutory framework, an injured party must first look to the UM coverage provided on the occupied vehicle. *See id.* at 624, 626 (holding that although the injured parties were not entitled to UM coverage under a rental car company's insurance policy, they still had access to UM coverage under their personal insur-

ance policy). Here, Stewart first looked to his employer's policy and recovered the maximum amount of UM benefits that he could through the coverage on his vehicle. Only then did he attempt to recover UM benefits from Illinois Farmers.

Ultimately, Illinois Farmers is arguing that the present caselaw stands for the proposition that vehicle owners must obtain coverage for their vehicles. We agree. We recognize that there is a "legislative interest in requiring owners of motor vehicles in this state to maintain insurance policies to compensate for losses associated with maintenance or use of a motor vehicle." *Am. Nat'l Prop. & Cas. Co. v. Loren*, 597 N.W.2d 291, 294 (Minn. 1999) (footnote and quotation omitted). But Illinois Farmers fails to recognize that Stewart did obtain coverage for his vehicle. Stewart had insurance coverage on his vehicle through his employer, and he is not attempting to convert first-party coverage into liability coverage. On this record, we conclude that the district court did not err in determining that the Illinois Farmers' family-owned-vehicle exclusion is unenforceable against Stewart.

## II.

▮ Illinois Farmers argues that Stewart is barred from recovering excess UM benefits under its policy because Stewart was an insured under his employer's policy with USFIC. Generally, if an "injured person is occupying a motor vehicle of which the injured person is not an insured, the injured person may be entitled to excess insurance protection afforded by a policy in which the injured party is otherwise insured." *Schons v. State Farm Mut. Auto. Ins. Co.*, 621 N.W.2d 743, 745 (Minn.2001) (quoting Minn.Stat. § 65B.49, subd. 3a(5)). The no-fault act provides explicit guidance, stating:

If at the time of the accident the injured person is occupying a motor vehicle, the limit of liability for uninsured ... motor-

ist coverage[ ] available to the injured person is the limit specified for that motor vehicle. However, if the injured person is occupying a motor vehicle of which the injured person is not an insured, the injured person may be entitled to excess insurance protection afforded by a policy in which the injured party is otherwise insured. The excess insurance protection is limited to the extent of covered damages sustained....

Minn.Stat. § 65B.49, subd. 3a(5).

The Minnesota Supreme court recently interpreted subdivision 3a(5) as follows:

The first sentence of subdivision 3a(5) directs injured occupants to seek UM/UIM coverage initially from the insurer of the motor vehicle they occupied at the time of the accident and establishes as limits of liability those specified in the policy on the occupied vehicle. The second sentence of the subdivision provides that if the injured person is not an insured of the occupied motor vehicle, the injured person may then be entitled to seek excess insurance protection through another automobile insurance policy in which the injured person is insured.

*Becker v. State Farm Mut. Auto. Ins. Co.*, 611 N.W.2d 7, 11 (Minn.2000) (citations omitted).

▮ According to the no-fault act, an "insured" is defined as

the named insured [on the policy] and the following persons not identified by name as an insured while (a) residing in the same household with the named insured and (b) not identified by name in any other contract for a plan of reparation security complying with sections 65B.41 to 65B.71 as an insured:

(1) a spouse,

(2) other relative of a named insured, or

(3) a minor in the custody of a named insured or of a relative residing in the same household with a named insured.

Minn.Stat. § 65B.43, subd. 5. For the purposes of subdivision 3a(5), the correct interpretation of "insured" is those persons specifically listed in section 65B.43, subdivision 5. *Becker,* 611 N.W.2d at 13.

Here, Stewart's employer, Quicksilver Express Courier of Minnesota, was the named insured on the USFIC policy. Stewart's vehicle was listed as a covered auto, and Stewart was identified as the vehicle owner in a separate endorsement section so that he was not excluded from liability coverage. Illinois Farmers argues that because Stewart is identified in his employer's policy, he may not seek excess UM benefits from Illinois Farmers. In support of its argument, Illinois Farmers relies on *Jensen v. United Fire & Cas. Co.,* 524 N.W.2d 536 (Minn.App.1994), *review denied* (Minn. Feb. 3, 1995), and *LaFave v. State Farm Mut. Auto. Ins. Co.,* 510 N.W.2d 16 (Minn.App.1993). But those cases are distinguishable.

Illinois Farmers cites *LaFave* for the proposition that "[w]here an insured qualifies as an insured under the policy covering the vehicle in question, there is no [excess UM] coverage." In *LaFave,* Sharon LaFave was injured in an accident with an uninsured motorist while riding in a pickup truck owned and operated by her husband. 510 N.W.2d at 17. Sharon LaFave's husband maintained insurance coverage on the truck with St. Paul Fire and Marine Insurance Companies (St. Paul Cos.). *Id.* After Sharon LaFave recovered UM benefits from St. Paul Cos., she sought excess UM benefits from State Farm Mutual Automobile Insurance Company (State Farm) on a policy covering another vehicle that she owned. *Id.* The terms of that policy excluded UM coverage if the claimant was "an insured" under a policy covering the vehicle occupied at the time of the injury. *Id.* at 18. Specifically, State Farm's policy indicated that UM coverage "does not apply if the injured person is an insured under a policy covering the vehicle occupied at the time the bodily injury is sustained." *Id.* The district court granted summary judgment to State Farm, *id.,* and we affirmed on the ground that Sharon LaFave was not entitled to excess UM benefits because she was an insured under the St. Paul Cos. policy that covered the involved vehicle. *Id.* at 19. Here, Stewart is not a spouse, a minor in the custody of, or a resident relative of his employer. *LaFave* is, therefore, distinguishable.

Illinois Farmers cites *Jensen* for the proposition that identifying an employee in an insurance policy makes that employee an insured under that policy. In *Jensen,* the father and natural guardian of a child who was injured in a motor-vehicle accident sought underinsured-motorist benefits from his commercial insurer. 524 N.W.2d at 537–38. The insurance policy specifically identified the business, Eagle Excavating, as the named insured on the policy. *Id.* at 539. The policy also listed "Jensen Roger DBA." *Id.* at 540. We affirmed the district court's determination that the commercial policy did not cover the individual claim. *Id.* Therefore, identifying an individual in a policy does not automatically make that individual an insured under the policy.

Illinois Farmers fails to point to any authority indicating that identifying an individual on a policy makes that person a named insured for the purposes of Minn. Stat. § 65B.49, subd. 3a(5). Illinois Farmers also fails to cite any authority indicating that an "additional insured" is considered a named insured for the purposes of Minn.Stat. § 65B.49, subd. 3a(5). Finally, as indicated above, nothing in the language

of the USFIC policy indicates that "additional insured" status is equal to "named insured" status.

We, therefore, conclude that because Stewart is not an insured under his employer's policy, he is not barred from recovering excess UM benefits from Illinois Farmers.

## DECISION

We affirm the district court's denial of summary judgment to Illinois Farmers.

**Affirmed.**