Sheung KWONG, Appellant,

v.

DEPOSITORS INSURANCE
COMPANY, Respondent.

No. C5–00–242.

Court of Appeals of Minnesota.

June 27, 2000.

Paul F. McEllistrem, Hauer, Fargione & Love, P.A., Minneapolis, MN (for appellant).

Timothy P. Jung, Peterson & Hektner, Ltd., Minneapolis, MN (for respondent).

Considered and decided by HARTEN, Presiding Judge, SCHUMACHER, Judge, and SHUMAKER, Judge.

## OPINION

SCHUMACHER, Judge.

Appellant Sheung Kwong challenges the denial of his motion for summary judgment. The district court certified to this court as important and doubtful the question of whether an insurer may enforce a policy clause for uninsured motorist benefits that requires the insured to obtain the insurers consent before a judgment arising out of a suit between its insured and an uninsured motorist will be binding on the insurer. We answer the certified question in the affirmative.

## FACTS

On February 29, 1996, Kwong suffered bodily injury in a collision between his vehicle and an uninsured vehicle, triggered by the actions of a third vehicle that was insured. Kwong notified his insurance carrier, respondent Depositors Insurance Company, and filed an uninsured motorist claim. Depositors Insurance denied the claim, determining that because the insured motorist was primarily at fault uninsured motorist coverage was not available.

Kwong then sued both the driver of the uninsured vehicle and its owner (uninsured motorists), as well as the driver of the insured vehicle and its owner (insured motorists). He notified Depositors Insurance of the lawsuit and forwarded to it a copy of the summons and complaint. Depositors

Insurance did not intervene. The uninsured motorists did not answer the complaint.

After discovery was completed, Kwong and the insured motorists proceeded to non-binding arbitration pursuant to court order. There is no indication that the uninsured motorists and Depositors Insurance were notified. Before the arbitration hearing, Kwong settled with the insured motorists for $6,500 pursuant to a Pierringer release. Kwong then proceeded against the uninsured motorists in the arbitration proceeding, and the arbitrator awarded him $30,000 by default. Because there was no motion for a trial de novo, Kwong obtained a final judgment of $30,653.58 against the uninsured motorists.

Kwong then demanded payment of uninsured motorist benefits under his policy. He provided Depositors Insurance with a copy of the judgment. Depositors Insurance cited an exclusionary clause in the policy that provided it was not bound by a judgment between its insured and an uninsured motorist unless it consented. Because it had not consented, it denied the claim.

Kwong then sued Depositors Insurance for breach of contract based on its failure to pay him uninsured motorist benefits pursuant to his insurance contract. He moved for summary judgment, contending the insurance company was bound by the default judgment he had obtained against the uninsured motorists. The district court denied the motion but certified the question of whether Depositors Insurance's exclusion is valid.

### ISSUE

■ Is Depositors Insurance's exclusion valid under Minnesota law?

### ANALYSIS

■ When a certified question arises from the denial of summary judgment, an appellate court will review the record to determine whether there are any genuine issues of material fact and whether the district court erred as a matter of law. *Employers Mut. Cas. Co. v. A.C.C.T., Inc.*, 580 N.W.2d 490, 493 (Minn.1998). The interpretation of insurance contracts and the construction of statutes governing them present questions of law * * *. *American Natl. Property Cas. Co. v. Loren*, 597 N.W.2d 291, 292 (Minn.1999). The contract between the parties governs the insurer's liability, so long as it includes coverage required by law and does not contravene applicable statutes. *Id.* An insurer may not provide less coverage than that required by the [No–Fault] Act. *Id.* (footnote omitted).

■ Under an uninsured motorist policy, the insurers obligation is to pay, subject to its policy limits, benefits which [the insured] would otherwise have collected in tort damages from the uninsured motorist. *State Farm Mut. Auto. Ins. Co. v. Galloway*, 373 N.W.2d 301, 305 (Minn.1985). It is in effect a substitute for insurance that the tortfeasor should have had. *Van Tassel v. Horace Mann Mut. Ins. Co.*, 296 Minn. 181, 189, 207 N.W.2d 348, 353 (1973). Uninsured motorist coverage provides

[1] coverage for the protection of persons insured under that coverage [2] who are legally entitled to recover damages for bodily injury [3] from owners or operators of uninsured motor vehicles * * *.

Minn.Stat. 65B.43, subd. 18 (1994).

■ When there are multiple tortfeasors, including both insured and uninsured parties, the plaintiff may proceed in one of three ways. *Galloway*, 373 N.W.2d at 304. First, the plaintiff may sue the tortfeasors and then seek uninsured motorist benefits through arbitration if not fully compensated. *Id.* Second, the plaintiff may collect uninsured motorist benefits up to the limits of coverage and then pursue a court action against the insured tortfeasors if the policy limits do not provide full compensation for the damages. *Id.* The uninsured motorist insurer would then have a

perfected subrogation interest against both the insured and uninsured tortfeasors. *Id.* Third, the plaintiff can settle with the insured tortfeasors and then, if not fully compensated, seek uninsured motorist benefits through arbitration. *Id.*

Kwong did not proceed in any of these three ways. Instead, he sued the insured and uninsured tortfeasors, then settled with the former and obtained a default judgment against the latter. Kwong is now seeking a determination that his uninsured motorist insurer, Depositors Insurance, is bound by the judgment he obtained against the uninsured tortfeasor. He contends that he proceeded properly under *Malmin v. Minnesota Mut. Fire Cas. Co.*, 552 N.W.2d 723, 728 (Minn.1996), which held that a consent to sue clause in an underinsured motorist policy violated the no-fault act. If *Malmin* applies, there is no dispute that Kwong followed the notice requirements and procedure set out therein.

 To decide this issue, we must consider the differences between uninsured motorist and underinsured motorist coverage. Underinsured motorist coverage is considered excess coverage, to be used after the tortfeasors liability has been determined. *Employers Mut. Cos. v. Nordstrom*, 495 N.W.2d 855, 856 (Minn.1993). Consequently, a claim for underinsurance benefits does not mature until after the plaintiff recovers from the tortfeasors insurer. *Id.* at 857. Claimants seeking underinsured motorist benefits may sue their insurance companies under only two circumstances. *Washington v. Milbank Ins. Co.*, 562 N.W.2d 801, 805 (Minn.1997). First, if the insured had sued the insured tortfeasor and obtained a judgment exceeding the limits of the tortfeasor's liability coverage, the insured can then pursue a claim for underinsured motorist benefits. *Id.* Second, the insured can settle the tort claim for the best settlement, give a *Schmidt v. Clothier*, 338 N.W.2d 256 (Minn.1983) notice to the underinsured motorist carrier,

and then bring a claim for underinsured motorist benefits. *Id.*

 In contrast, the claimant for uninsured motorist benefits does not have to recover from the tortfeasor before the uninsured motorist claim matures; instead, the condition precedent is that the tortfeasor was uninsured. While the insured may not bind the uninsured motorist insurer through a settlement with the uninsured tortfeasor, the insureds decision to sue the uninsured tortfeasor does not result in a forfeiture of the insureds uninsured motorist claims. *Ruddy v. State Farm Mut. Auto. Ins. Co.*, 596 N.W.2d 679, 685 (Minn.App.1999), *review denied* (Minn. Sept. 28, 1999). Depositors Insurance acknowledged on the record that Kwong could have sued the insurance company directly or joined it in his lawsuit against the tortfeasors. *See id.* at 684–85. He also could have proceeded against Depositors Insurance by arbitration as provided in his insurance policy.

 Kwong contends that it would be unfair to require him to relitigate the issues that were addressed in obtaining the judgment against the uninsured motorist. First, we note that because the uninsured motorists were unrepresented and in default, liability was not vigorously litigated. Second, the supreme court has expressed concern that a claimant could gain an unfair advantage by settling with the uninsured motorist. *Galloway*, 373 N.W.2d at 306–07. Although Depositors Insurance is not bound by the judgment against the uninsured tortfeasors to which it did not consent, Kwong is free to proceed on his breach of contract claim against his insurer to obtain uninsured benefits to which he believes he is entitled under his policy.

### D E C I S I O N

The district court properly denied summary judgment in ruling that Depositors

Insurance may enforce its exclusionary clause so that it is not bound by Kwong's judgment against the uninsured motorist.

**Certified question answered in the affirmative.**