Richard **BALLANGER**, Trustee for the heirs of Richard M. Ballanger, deceased, Respondent,

v.

Robert **TOENJES**, Defendant,

Pennsylvania General Insurance Company, Appellant.

No. C3–84–1443.

Court of Appeals of Minnesota.

Feb. 5, 1985.

Review Granted April 19, 1985.

William G. Clelland, Minneapolis, for respondent.

Patrick J. Sauter, Minneapolis, for appellant.

Considered and decided by SEDGWICK, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

SEDGWICK, Judge.

Pennsylvania General Insurance Co. appeals district court approval of arbitrators' decision permitting stacking of underinsurance benefits under decedent's and decedent's parents' policies. We affirm.

### FACTS

Richard Ballanger was killed in a single car accident on August 19, 1982, which injured two others. Ballanger was one of four passengers in a pickup truck owned and driven by Robert Toenjes. At the time of his death, he was 19 years old, single and living with his parents.

At the time of the collision, driver Toenjes was insured by American Standard Insurance Company with policy limits of $25,000/$50,000. American Standard agreed to make the policy limits available to the three victims according to any allocation they decided. Richard Ballanger agreed to accept $23,000 to settle his claim. $24,000 was accepted by Gregory Stull and $3,000 by John Koal.

On the date of the accident, Richard M. Ballanger had an automobile liability insurance policy with Pennsylvania General Insurance Company (Pa. General) which included underinsured motorist coverage for $50,000. He was also insured under his parents' automobile liability insurance. Their policy provided coverage on two vehicles, including underinsured motorist coverage with single limits of $100,000 for each of the two vehicles.

An arbitration panel awarded $103,661 in damages. The panel awarded $79,411 in underinsurance benefits by stacking the

coverage as to one of the parents' vehicles with the coverage of Richard M. Ballanger. The insurance company sought *de novo* judicial review. The district court affirmed the award.

## ISSUES

1. Did the trial court err by refusing to review *de novo* the arbitration panel's decision?

2. Was it an error of law to permit stacking of the policies to allow an underinsurance award of $79,411?

3. Was it error to allow the insured to settle for less than the tortfeasor's liability limits and recover the difference from his own underinsured motorist carrier?

## ANALYSIS

1. Appellant argues that the issue of "stacking" is a coverage issue, and the trial court should therefore have reviewed *de novo* the arbitrator's award.

Minnesota courts have ruled that the question of whether a person is covered by an insurance policy can initially be a question for arbitrators, but that if a coverage dispute is challenged in judicial proceedings, that review must be *de novo*. *See Rosenberger v. American Family Mutual Insurance Co.,* 309 N.W.2d 305 (Minn. 1981); *Dunshee v. State Farm Mutual Automobile Insurance Co.,* 303 Minn. 473, 228 N.W.2d 567 (1975).

■ The arbitration panel did not decide a question of coverage. There was no debate that Richard M. Ballanger was covered under his own and his parents' policies. Rather, the issue was whether Minnesota law permitted stacking of the policies to allow for recovery of $79,411. This is a question of law properly decided by the arbitration panel and appellant was not entitled to *de novo* review.

2. Appellant also argues that the arbitration panel erred in allowing the underinsurance policies of Richard Ballanger, trustee, and Richard M. Ballanger, deceased, to be stacked to permit recovery of $79,411.

■ There was no error. Both Richard Ballanger and Richard M. Ballanger had separate underinsurance policies with Pa. General, providing different coverage limits. There is no statute or case law which disallows stacking of two separate policies for which two separate premiums were paid, up to the level of damages. It would be against public policy to disallow underinsurance benefits for which proper premiums have been paid.

It was proper for the arbitration panel to allow stacking of the two policies up to the limit of damages. *See American Motorist Insurance Co. v. Sarvela,* 327 N.W.2d 77 (Minn.1982); *see also Gudvangen v. Austin Mutual Insurance Co.,* 284 N.W.2d 813, 817 (Minn.1979), *appeal dismissed,* 444 U.S. 1062, 100 S.Ct. 1002, 62 L.Ed.2d 745 (1980).

3. The tortfeasor's insurance limits were $25,000/$50,000. The three claimants settled for the policy limit of $50,000, but Ballanger himself settled for $2,000 less than the individual limit of $25,000.

■ Appellant argues that it is liable only for Ballanger's damages in excess of the $25,000 individual liability limit of the tortfeasor, pursuant to *Schmidt v. Clothier,* 338 N.W.2d 256 (Minn.1983). *Schmidt* did not deal with multiple claimants, and is therefore inapplicable. It is clear that the total damages of the three claimants greatly exceeded the $50,000 tortfeasor liability limit. There was no error in allowing the full recovery for underinsurance.

## DECISION

We affirm the decision of the trial court.