*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0413**

Bradley Mordini,
Appellant,

vs.

American Family Mutual Insurance Co., et al.,
Respondents.

**Filed November 7, 2016
Affirmed
Connolly, Judge**

Beltrami County District Court
File No. 04-CV-14-3864

Gary M. Hazelton, Hazelton Law Group, Bemidji, Minnesota (for appellant)

Paul R. Aamodt, Minneapolis, Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Larkin, Judge; and Bratvold, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CONNOLLY**, Judge

In this underinsured-motorist (UIM) benefits action under a motorcycle policy and an auto policy, appellant-insured challenges the district court's summary-judgment

dismissal of his claims. Appellant argues that the UIM endorsement of the motorcycle policy provides illusory coverage and violated his reasonable expectations and that the UIM endorsement of the auto policy provides recoverable UIM coverage, as written or by reformation under the no-fault act. Because the limitations-on-liability clause in the motorcycle policy precludes appellant's recovery under both his motorcycle policy and his auto policy, and because the coverage is not illusory, we affirm.

**FACTS**

Appellant insured, Bradley Mordini, obtained a motorcycle insurance policy from respondent American Family Mutual Insurance Co. (American Family), through its agent, co-respondent Robert Sandbo, effective from April 25, 2012 to April 25, 2013. Appellant also obtained a family car insurance policy (auto policy) from American Family through Sandbo effective June 9, 2012 to December 9, 2012. On September 23, 2012, appellant was seriously injured in an accident between his motorcycle, which he was operating, and a motor vehicle. Appellant settled his injury claim with the driver of the motor vehicle for $50,000. He then sought $30,000 in UIM coverage from American Family under his motorcycle policy. His claim was denied. Thereafter, appellant sought $30,000 of UIM coverage from American Family under his auto policy. That claim was also denied.

Appellant filed a complaint against respondents. Respondents moved for summary judgment, arguing that the UIM endorsement of appellant's motorcycle policy was not illusory, that the UIM endorsement of his auto policy does not apply, and that vicarious liability does not apply to make American Family liable for any negligence of Sandbo. Appellant filed a cross-motion for summary judgment, arguing that the UIM motorcycle

2

coverage is illusory; that because the auto policy does not exclude UIM coverage arising out of the operation of a motorcycle, his auto policy UIM coverage is applicable; and that the auto policy "Difference of Limits" language is void.

The district court granted respondents' summary judgment motion and dismissed appellant's complaint with prejudice.[1]

**D E C I S I O N**

"We review a district court's summary judgment decision de novo. In doing so, we determine whether the district court properly applied the law and whether there are genuine issues of material fact that preclude summary judgment." *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010) (citation omitted). No genuine issue for trial exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn. 1997) (quotation omitted). "[W]e may affirm a grant of summary judgment if it can be sustained on any grounds." *Doe 76C v. Archdiocese of St. Paul*, 817 N.W.2d 150, 163 (Minn. 2012).

I.  **Does the No-Fault Act require appellant's motorcycle insurance policy to be reformed to provide UIM coverage using a damages-less-paid structure instead of a limits-less-paid structure?**

The UIM coverage in appellant's motorcycle policy is $30,000 for each person and $60,000 for each accident. Appellant's recovery is limited under the UIM endorsement by a clause that states: "The limit of liability for damages caused by an accident with an underinsured motor vehicle *will be reduced by any payments made by or on behalf of any*

---

[1] The district court did so in a one-page order without a memorandum of law.

3

*person or organization who may be legally liable for the bodily injury*." (Emphasis added.)[2]

Because appellant received $50,000 from the motor-vehicle driver in the accident, respondents argue that the UIM coverage is reduced by $50,000 leaving appellant with nothing to recover. Appellant argues that the limitation-on-liability clause violates the Minnesota No-Fault Automobile Insurance Act (No-Fault Act) and must be reformed. We disagree.

We presume that appellant is limited to the bargained for limits-less-paid formula, which guarantees that the limit of American Family's liability would be reduced by any payments made by any person who may be legally liable for appellant's bodily injury. Minn. Const. art. I, § 11 (prohibiting laws that impair contract obligations); *Johnson v. Cummiskey*, 765 N.W.2d 652, 656 (Minn. App. 2009). "Judicial authority to alter private insurance contracts requires a significant basis . . . so we will disturb a bargain only when the law requires." *Johnson*, 765 N.W.2d at 656.

"[A]n insurer's liability is governed by the contract between the parties *only as long as coverage required by law is not omitted and policy provisions do not contravene applicable statutes*." *Am. Nat'l Prop. & Cas. Co. v. Loren*, 597 N.W.2d 291, 292 (Minn. 1999) (quotation omitted) (emphasis added). "It is clear that the [No-Fault Act] does not require insurers to provide motorcycles with UIM coverage." *Johnson*, 765 N.W.2d at

---

[2] This is a limits-less-paid clause, meaning that the insurer's liability is reduced by the amount the insured has collected from a driver who is liable for the accident. Appellant argues that this clause is contrary to Minnesota law, which requires limitations on liability to be damages-less-paid. Damages-less-paid or "add-on" coverage means that the amount collected reduces the amount of total damages incurred as a result of the accident. The insurer must pay any remaining damages to extent of the full amount of coverage.

656. "This could not be more obvious, since the [No-Fault Act] defines a 'motor vehicle' as a highway-operated vehicle subject to registration requirements, '*other than a motorcycle* or other vehicle with fewer than four wheels.'" *Id.* (citing Minn. Stat. § 65B.43, subd. 2 (2008)). Further, the UIM subdivision of the statute states that "[t]he uninsured and underinsured motorist coverages required by this subdivision do not apply to bodily injury of the insured while occupying a motorcycle owned by the insured." Minn. Stat. § 65B.49, subd. 3(a)(8) (2014). Because no UIM insurance is required for motorcycles, the limits-less-paid provision in the insurance agreement does not contravene the statute. "The legislature expressly declined to require insurers to include any UIM coverage in their motorcycle policies, and in doing so, it implicitly declined to demand reformation to extend UIM coverage for motorcycles beyond what the parties bargained for." *Johnson*, 765 N.W.2d at 661.

Appellant relies on *Mitsch v. Am. Nat'l Prop. & Cas. Co.*, 736 N.W.2d 355, 358 (2007), *review denied* (Minn. Oct. 24, 2007) to argue that Minnesota law "mandates that all UIM coverage issued in the state be [damages-less-paid] 'add-on' coverage." However *Johnson*, a case factually similar to the case at hand,[3] explicitly addresses *Mitsch* and its application to UIM coverage for motorcycles. "[The] broad language in *Mitsch* extends

---

[3] *Johnson* involved a driver who struck a motorcyclist (the appellant), causing the motorcyclist $134,000 in damages. *Johnson*, 765 N.W.2d at 654. The motorcyclist recovered $34,000 from the car's driver and the driver's insurer. *Id.* The motorcyclist then sought to recover the balance from his policy's $100,000 UIM coverage. *Id.* The insurance company paid $66,000, the $100,000 minus the $34,000 the motorcyclist had recovered from the car's driver and the driver's insurer. *Id.* This court determined the limits-less-paid provision was enforceable as written. *Id.* at 660.

beyond its analysis and its holding." *Id.* The statement that Minnesota law mandates that all UIM coverage issued in the state to be damages-less-paid coverage is dictum and does not control this court's interpretation of the No-Fault Act as applied to motorcycle UIM coverage. *Id.*

Because the limits-less-paid UIM coverage included in appellant's motorcycle insurance policy does not contravene the No-Fault Act, we conclude that the policy should not be reformed and that the district court did not err in granting respondents' summary judgment.

## II. Was the UIM coverage in appellant's motorcycle policy illusory?

Appellant argues that his UIM coverage is illusory because a policyholder could never recover the full policy amount because Minnesota requires drivers to carry a minimum of $30,000 in liability coverage. "A policy's coverage is illusory if it turns out to be functionally nonexistent." *Id*. at 662 (quotation omitted). Appellant argues that "the definition of an 'Underinsured Motor Vehicle' in the UIM endorsements strips [the $30,000 UIM] coverage to $0 and results in a situation where [American Family] would never, ever, have to pay benefits under the UIM coverage it sold." The UIM coverage endorsement defines "Underinsured motor vehicle" as "a motor vehicle which is insured by a liability bond or policy at the time of the accident which provides bodily injury liability limits less than the limits of liability of this Underinsured Motorist Coverage." This does not include a vehicle "[i]nsured at the time of the accident by a liability bond or policy with bodily injury liability limits below the minimum specified by the financial responsibility law of the state in which your insured car is principally garaged."

American Family argues that a claim of illusory coverage in a motorcycle policy with similar language was rejected in *Johnson*. In *Johnson*, the policy provided $100,000 in UIM coverage. *Id.* at 655. After deducting the $34,000 recovered from the at-fault driver, $66,000 in UIM coverage was available to the insured. *Id.* In this case, if the at-fault vehicle has less than $30,000 in insurance coverage, it is considered uninsured; if it has $30,000 or more, as is required by law, the limits-less-paid clause will reduce the UIM coverage to $0. Appellant argues that this makes the UIM coverage functionally nonexistent. However, appellant's policy guarantees that, if he were injured by an underinsured motorist, he would recover at least $30,000 from all sources. Like the issues in *Johnson*, appellant fails to consider that the full $30,000 could potentially be recovered in different circumstances. For example, if the at-fault motor vehicle driver's liability insurance had been paid entirely to an additional victim of the same accident, the $30,000 underinsured driver coverage would be paid to appellant. *See id.*; *Ballanger v. Toenjes*, 362 N.W.2d 2, 3 (Minn. App. 1985) (where the at-fault motorist had liability coverage of $50,000 per accident, of which $23,000 was paid to one victim, $24,000 to the second, and $3,000 to the third). Because there are circumstances in which appellant could recover under the UIM policy, the coverage is not functionally nonexistent and therefore not illusory.

## III. Did the UIM coverage violate the reasonable expectations of the insured?

Appellant argues that the motorcycle endorsement violated his reasonable expectations because appellant's "reasonable expectation" was that coverage purchased would actually exist. Generally, "litigants are bound [on appeal] by the theory or theories,

however erroneous or improvident, upon which the action was actually tried below[,]" *Annis v. Annis*, 250 Minn. 256, 262-63, 84 N.W.2d 256, 261 (1957), and an appellate court will not consider matters not argued to and considered by the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). Appellant never raised the doctrine of reasonable expectations in its complaint or any of its briefs in support for or opposition to summary judgment. Therefore the issue is not properly before this court.

**IV.    Does the No-Fault Act require that the UIM coverage in appellant's auto policy be reformed and therefore apply to this claim?**

Appellant argues that the district court erred in dismissing his declaratory judgment action because the No-Fault Act requires that the UIM coverage in his auto policy be reformed to be consistent with Minnesota law and, once reformed, the coverage would apply to provide him with UIM coverage for his motorcycle accident. Appellant petitioned the district court for a declaratory judgment stating that the limits-less-paid language in the policy is void pursuant to Minn. Stat. § 65B.49 and therefore the auto policy is to be read without limitation, providing $30,000 in damages-less-paid or "add-on" UIM coverage for the motorcycle crash. Appellant again relies on *Mitsch* which states that "Minnesota law mandates that all UIM coverage issued in the state be 'add-on' coverage as expressed in Minn. Stat. § 65.49, subd. 4a." *Mitsch*, 736 N.W.2d at 358. In *Mitsch*, the court reformed the limitation-on-liability clause in the insurance contract from a limits-less-paid reduction clause to a damages-less-paid reduction clause.

However, appellant is seeking coverage for a motorcycle, not an automobile. As a result, *Johnson* applies to prohibit appellant's recovery under this theory in the same way

8

it prohibits appellant's recovery under the motorcycle policy. Limits-less-paid limitation-on-liability provisions are acceptable as applied to motorcycle coverage. *Johnson*, 765 N.W.2d at 660 ("So while it might be true that UIM clauses covering 'motor vehicles' using a limits-less-paid method are subject to reformation even in situations where the limits-less-paid method would satisfy the statutory minimum UIM coverage, the analogy does not carry forward to reach motorcycle coverage."). We do not consider whether the auto policy would have been subject to reformation had appellant been trying to recover from an automobile accident. The provision need not be reformed here because appellant is attempting to recover UIM coverage for his motorcycle accident. Because appellant received $50,000 in his settlement with the at-fault driver, the UIM coverage in the auto policy would be reduced from $30,000 to $0 pursuant to the limitations-on-liability provision.

We conclude that, because the limitations-on-liability provision reduces the amount appellant could recover under his motorcycle UIM provision and his auto policy to $0 and because the coverage provided was not illusory, the district court did not err in granting summary judgment to respondents.

**Affirmed.**